| United States District Court | DISTRICT<br>Eastern District of Pennsylvania |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Daniel Eyster | DOCKET NO. |
| | MAGISTRATE'S CASE NO.<br>08-1205 |

Complaint for violation of Title 18, United States Code § 2251

| NAME OF JUDGE OR MAGISTRATE<br>Honorable CAROL S. M. MOORE WELLS | OFFICIAL TITLE<br>U.S. Magistrate Judge | LOCATION<br>Philadelphia, PA |
|---|---|---|
| DATE OF OFFENSE<br>2007 to<br>September 11, 2008 | PLACE OF OFFENSE<br>Adamstown, PA | ADDRESS OF ACCUSED (if known)<br>Adamstown, Lancaster County, PA |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

From in or about 2007 to on or about September 11, 2008, in Adamstown, Lancaster County, in the Eastern District of Pennsylvania and elsewhere, the defendant DANIEL EYSTER employed, used, persuaded, and induced minors to engage in sexually explicit conduct, and transported those minors in interstate commerce to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, which depictions were produced using materials that had been transported in interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT OF SPECIAL AGENT CARLOS T. MARTINEZ ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

SIGNATURE OF COMPLAINANT (official title)

OFFICIAL TITLE
Carlos T. Martinez
Special Agent, Immigration & Customs Enforcement

Sworn to before me and subscribed in my presence.

SIGNATURE OF MAGISTRATE (1)
Honorable CAROL S. M. MOORE WELLS, United States Magistrate Judge

DATE
9/4/08

1) See Federal Rules of Criminal Procedure rules 3 and 54.

## AFFIDAVIT

Carlos T. Martinez, being duly sworn, depose and state the following:

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am a federal law enforcement officer authorized by the Secretary of Homeland Security to request the issuance of arrest and search warrants. I have been employed as a Special Agent for the ICE (and its predecessor, the United States Customs Service) for approximately fourteen years, and am currently assigned to the Office of the Special Agent in Charge, Philadelphia, Pennsylvania. As part of my duties, I have conducted investigations of individuals involved in alleged criminal violations of the U.S. Immigration and Customs laws, including narcotics smuggling, financial crimes, fraud, identity theft and asset removal. I have received training from ICE and its predecessors, the United States Customs Service ("USCS"), regarding child pornography investigations.

2. On September 8, 2008, the Magistrate Judge Carol S. M. Wells issued a search warrant in Magistrate No. 08-1180, authorizing agents of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), to search the personal residence of DANIEL EYSTER, 4 Cameron Court, Adamstown, Lancaster County, Pennsylvania for evidence of violations of Title, 18 United States Code, Sections 2252 and 2252A. Specifically, the search warrant authorized the search for and seizure of, inter alia: images of child pornography and files containing images of child pornography, as defined in 18 U.S.C. Section 2256(8); books and magazines containing visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; originals, copies, and negatives of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and motion pictures, films, videos, and other recordings of visual depictions of minors engaged

in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

3. At approximately 6:30 a.m., on September 11, 2008, your affiant and other law enforcement agents executed the search warrant at 4 Cameron Court, Adamstown, Lancaster, Pennsylvania. At the time, Daniel Eyster was not present. Charolette Eyster, the elderly mother of Daniel Eyster, was present. At the request of the agents, Charolette Eyster contacted Daniel Eyster by cellular telephone at his place of work, and Daniel Eyster agreed to return home.

4. Daniel Eyster arrived at the premises at approximately 7:20 a.m.. Agents advised Eyster that they were present at his home to execute a search warrant that authorized the seizure of child pornography purchased off the internet. Eyster requested to go somewhere private, so that his mother would not hear what was being said. Eyster and your affiant then went to the basement area of the house.

5. In the basement, Eyster was advised that he was not under arrest and was free to leave. Eyster was again advised the agents were present to execute a search warrant and were looking for evidence of a crime. Eyster was asked if he was willing to assist the agents in the search. Eyster agreed to cooperate, asked that the agent not get his mother involved, and stated: "I'll give you the stuff right now." Eyster then retrieved a black case from the work area in the basement. The case contained four computer "thumb drives."

6. Your affiant and Eyster then returned to the first floor area of the premises. Eyster began to answer questions about his computer, his internet service provider, and who had access to computer. Eyster initially declined to make any statement regarding whether he had physical contact with any minor children. However, later during the interview, Eyster told your affiant that he wanted to tell me something. At this time, your affiant advised Eyster of his

2

Miranda rights. Eyster then read, initialed and signed a written waiver of his Miranda rights.

7. While your affiant was interviewing Eyster, ICE Special Agent Kate Murray and Corporal James A Strosser of the Pennsylvania State Police, Computer Crimes Task Force, reviewed the portion of the contents of the thumb drives provided by Eyster. S/A Murray has advised me that three of the thumb drives contain visual images of child pornography believed to have been obtained from internet web-sites. The other thumb drive, which was silver in color, contained two files. One file was marked ""K&S" and the other file was marked "Thanksgiving 2007." The file marked "K&S" contained numerous visual images of minor, female children engaging in sexually explicit conduct. Some of the photographs were taken in the basement of Eyster's home. Other pictures appeared to have been taken in a hotel or motel room. The file marked "Thanksgiving 2007" also contained a photograph of a minor, female child engaged in sexually explicit conduct.

8. While your affiant was interviewing Eyster, S/A Murray advised me that agents had found photographs of children engaged in sexually explicit conduct that had been taken in Eyster's basement. When confronted with this information, Eyster provided the following information:

(A) Eyster admitted to have sexual contact with three minor female children, who Eyster identified as KP[1] aged 12, SP aged 7, LP aged 16.

(B) Eyster stated a fourth minor child, a male named RP, aged 13, also participated in the activity, although Eyster stated he never had sexual contact with RP.

---

[1] The true names of the minor children are not used in this affidavit.

3

(C) Eyster stated he had been have sexual encounter with the children for several years. Some of the encounters took place at a motel in Kentucky. Other encounters took place in the basement of his home. The last encounter took place in the summer of 2008.

(D) Eyster stated he had had approximately 40 to 50 sexual encounters with KP in both Pennsylvania and Kentucky.

(E) Eyster admitted that several of the females depicted in the visual images on the thumb drive that he had provided to the agents were KP, SP and LP, and that he had taken the photographs.

9. Based upon the foregoing, there is probable cause to believe that from in or about 2007, through on or about September 11, 2008, Daniel Eyster did knowingly use, persuade, induce, entice and coerce, minor children to engage in sexually explicit conduct, and did transport minor children in interstate commerce to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such depictions will be transported in interstate commerce, that were produced using materials that had been transported in interstate commerce, in violation of 18 U.S.C. § 2251(a).

CARLOS T. MARTINEZ
Special Agent
Department of Homeland Security

Sworn to and subscribed before me this
11th day of September, 2008

CAROL S.M. WELLS, M.J.
United States Magistrate Court

4