IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

UNITED STATES OF AMERICA            :
                                    :
            v.                      :      CRIM. NO. 08-00618
                                    :
DANIEL EARL EYSTER                  :

---------------------------------------------------------

THE UNITED STATES' MEMORANDUM
REGARDING THE DEFENDANT'S
CHANGE OF PLEA HEARING

The United States of America respectfully submits this memorandum in

connection with the change of plea hearing scheduled for Tuesday, March 17, 2009.

I. SUMMARY OF THE CHARGES

The Superseding Indictment in this case charges the defendant DANIEL EARL

EYSTER ("EYSTER") with the following offenses:

Count One:  From November 2007 through July 2008, EYSTER, employed, used, persuaded, induced, enticed, and coerced, minors, known as "LP," "KP," "SP," and "RP," to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, that is, approximately 75 digital photographs contained in a Sandisk thumb drive, in files named "Thanksgiving 2007" and "K&S," which visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

Count Two: On September 11, 2008, EYSTER knowingly possessed one or more books, magazines, periodicals, films, video tapes, and other matter, namely, a computer hard drive, compact disks, thumb drives, and other matter, containing approximately 2,300 digital images and approximately 70 videos movie files, that had been had been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, and which involved the use of minors engaging in sexually explicit conduct and the visual depictions were of minors engaging in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

The Superseding Indictment includes a notice of forfeiture.

## II. ELEMENTS OF THE OFFENSES

### Count One - Sexual Exploitation of Minors

To prove a violation of § 2251(a), the government must prove each of the following elements beyond a reasonable doubt:

> (1) the defendant employed, used, persuaded, induced, enticed, or coerced a minor;
>
> (2) with the intent that the minor engage in sexually explicit conduct;
>
> (3) for the purpose of producing a visual depiction of the conduct; and
>
> (4) the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce, by any means.

A "minor" is any person under the age of eighteen years. 18 U.S.C. § 2256(1).

"Sexually explicit conduct" means sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A).

"Visual depiction" includes "data stored on a computer disk or by any electronic means which is capable of conversion into a visual image." 18 U.S.C. §2256(5).

A conviction under § 2252(a)(1) for producing visual images of "sexually explicit conduct" involving minors does not violate the First Amendment. See United States v. Johnson, 376 F.3d 689 (7th Cir. 2004).

### Count Two - Possession of Child Pornography

To prove a violation of § 2252(a)(4)(B), the government must prove each of the

2

following essential elements beyond a reasonable doubt:

> (1) the defendant knowingly possessed one or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction;
>
> (2) which were produced using materials which have been mailed or so shipped or transported, by any means, including by computer;
>
> (3) the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; and
>
> (4) the visual depiction was of sexually explicit conduct.

United States v. Rodia, 194 F.3d 465 (3d Cir. 1999).

The statutory interstate nexus element of § 2252(a)(4)(B) satisfies the Constitutional requirement that the intra-state possession of child pornography has an effect upon interstate commerce.  See Id.

### III. MAXIMUM PENALTIES

EYSTER has a prior court martial conviction for rape of a minor under Article 120 of the Uniform Code of Military Justice.  Accordingly, pursuant to 18 U.S.C. § 2251(e), the maximum penalties for the offenses in the Superseding Indictment are as follows:

Count One: 50 years imprisonment, with a mandatory minimum of 25 years imprisonment, a criminal fine of $250,000, a period of 5 years supervised release, forfeiture, and a special assessment of $100.

Count Two: 20 years incarceration, with a 10 year mandatory minimum term, 5 years supervised release, a $250,000 fine, forfeiture, and a $100 special assessment.

Total Maximum Penalty: 70 years imprisonment, a 25 year mandatory minimum, a criminal fine of $250,000, forfeiture and a $200 special assessment.

3

## IV. FACTUAL BASIS FOR THE CHANGE OF PLEA

The government's proof in this case includes: (a) evidence obtained during the execution of a search warrant on September 11, 2008, at EYSTER's personal residence located at 4 Cameron Court, Adamstown, Lancaster County, Pennsylvania, including computer equipment containing digital images of child pornography; (b) EYSTER's statements to investigative agents during the execution of the search warrant; (c) the expert testimony of a computer forensics analyst regarding the analysis of the computer equipment seized during the search of EYSTER's residence; (d) the testimony of Detective Kelly Slone of a local police department in the Commonwealth of Kentucky regarding the identification of the minor children; (e) hotel records, credit card records, EZ-Pass records, and other business records; and (f) the testimony of the minor victims.

A. Count One - Sexual Exploitation of Minors

(I) The September 11, 2008 Search

On September 8, 2008, Magistrate Judge Carol S. M. Wells signed a search warrant authorizing government agents to search a single family dwelling located at 4 Cameron Court, Adamstown, Pennsylvania, for evidence of child pornography and visual depictions of children engaged in sexually explicit conduct, including evidence stored on computers and related peripherals.

At approximately 7:00 a.m. on September 11, 2008, agents of the Bureau of Immigration and Customs Enforcement ("ICE"), the Pennsylvania State Police ("PSP") and local police departments arrived at 4 Cameron Court to execute the search warrant. EYSTER was not present at the time. EYSTER's mother contacted EYSTER by telephone and advised him that

4

investigative agents were executing a search warrant at his home.  EYSTER was on his way to work, but agreed to return to his home.

At approximately 7:40 a.m., EYSTER arrived at 4 Cameron Court.  Agents advised EYSTER they were executing a search warrant which authorized the seizure of evidence relating to the possession of child pornography, including computer evidence.  EYSTER was advised he was not under arrest and was free to leave.  EYSTER stated he wished to speak with the agents privately and agreed to go to the basement where his computer was located.

After entering the basement, agents again advised EYSTER that they were executing a search warrant, that he was not under arrest, and that he was free to leave.  When agents asked EYSTER if he was willing to assist in the search, EYSTER agreed to cooperate.  EYSTER stated: "I'll give you the stuff right now."

EYSTER retrieved a black, zip-lock case containing four thumb drives from his computer work station.  EYSTER then opened two locked storage boxes.  One box contained a female child's underwear, a vibrator, and lubricants.  The other box contained a handwritten manuscript, condoms, CDs, and videotapes.  EYSTER asked if he could speak with the agents privately.  EYSTER and ICE Special Agent Carlos Martinez and local police officers went to a second floor bedroom.

During the search of the premises, agents also found the following items:

- a Hewlitt Packer computer with a Seagate hard drive;
- a Toshiba lap top computer;
- a Kodak model DC240 digital camera;
- 38 CDs;
- 83 floppy discs;
- three Hi8 Sony video tapes;
- a Sony video camera;

5

- a 32 MB memory card;
- a 64 MB memory card;
- a 128 MB memory card;

(ii) <u>EYSTER's Statements to Investigative Agents</u>

After going to the second floor bedroom, EYSTER agreed to answer questions about his computers. EYSTER stated that he owned two computers: an HP personal computer and a lap top, which were located in the basement. EYSTER stated he lived at 4 Cameron Court with his mother, but he is the only person who uses and has access to the computers. EYSTER identified his ISP as PenTeleData, his prior ISP as Comcast, and his e-mail addresses. EYSTER identified his computer password as "K_____ 12."[1]

EYSTER then told the agents that he "wanted to tell them something." At this point, S/A Martinez advised EYSTER of his Miranda rights. EYSTER then read a written statement of his Miranda rights, initialed each paragraph, and signed the written waiver of rights.

EYSTER stated that his child pornography collection would be found on his computer under a filed named "My Pictures." EYSTER stated that he developed a preference for young girls when he was sixteen or seventeen years old. EYSTER stated that he viewed child pornography for his personal sexual gratification, that he had been viewing child pornography from magazines and videos for the past 15 to 20 years. EYSTER stated that he began viewing and purchasing child pornography over the internet in the early 1990s. EYSTER stated he had purchased and collected "thousands" of pictures and more than 50 videos of child pornography. EYSTER stated he stored his child pornography on his computer hard drive and thumb drives.

---

[1] EYSTER's computer password included the first name of one of the minor victims, which has been redacted from this memorandum.

At this point, ICE S/A Kathryn Murray informed S/A Martinez about information the agents had discovered during the search of the basement. A PSP computer forensic analyst had reviewed the contents of the four thumb drives that EYSTER had handed over to the agents in the basement. The three Lexar thumb drives contained of images of child pornography, which appeared to have been downloaded from internet web sites. The Sandisk thumb drive contained two files: one named "Thanksgiving 2007" and one named "K&S." The file named "K&S' contained digital photographs of minors engaging in sexually explicit conduct. Some of these photographs appeared to have been taken in EYSTER's basement, while other appeared to have been taken in motel rooms. The filed named "Thanksgiving 2007" contained photographs of the same minors, including one of a minor female engaging in sexually explicit conduct. A Kodak digital camera which appeared to be the device used to create the digital images was also found in the basement.

S/A Martinez advised EYSTER that the search agents had reviewed the contents of the four thumb drives. EYSTER then provided the following information:

EYSTER admitted that he had taken the photographs of the minors contained on the Sandisk thumb drive. EYSTER admitted to having had sexual contact with three minor females, who he identified as "KP," aged 12, "SP," aged 7 and "LP," aged 16.[2] EYSTER admitted that a fourth minor, a male named "RP," aged 13, had participated in the sexual activity, although EYSTER had never had sexual contact with the male child. EYSTER stated that children depicted in digital photographs on the thumb drive were KP, SP, LP and RP.

---

[2] Although the children's complete names are not used in this memorandum, EYSTER identified the children by their full names.

7

EYSTER stated the children are brother and sisters and live with their parents in Kentucky.   EYSTER met the children in 2000 at a church he attended in Pennsylvania. EYSTER helped the children with their homework, took them to restaurants, shopping malls, and similar places.   EYSTER believed the children's parents treated EYSTER like an uncle.   He maintained contact with the family after they moved to Kentucky.   EYSTER admitted he persuaded the children to engage in sexual activity among themselves, so that he could take photographs for his personal enjoyment.   On some occasions, EYSTER had provided the minor children with alcoholic beverages before having sexual contact with them.

EYSTER stated he had sexual intercourse with LP when LP was 15 years old. EYSTER stated he had engaged in oral and digital sex with all three females.   EYSTER began having sexual contact with KP in 2003 or 2004.   EYSTER admitted he had been having sexual contact with the children for several years, and estimated he has had sexual contact with KP on 40 to 50 times, both in Kentucky and Pennsylvania.   Some of the encounters took place in the basement of his home in Pennsylvania.   Other encounters took place at a motel in Kentucky. EYSTER stated that the last encounter took place in July 2008.

EYSTER stated that in June 2008, EYSTER traveled to Kentucky, picked up KP and SP, and drove them back to his home in Lancaster County, Pennsylvania.   EYSTER had sexual contact with the children during this visit, which lasted approximately three weeks. EYSTER drove the children back to Kentucky after the July 4th holiday.

(iii) Expert Testimony

PSP Corporal Robert Erdely is a certified computer forensics analyst, assigned to the PSP Computer Crimes Bureau.   Erdely has been working for the Computer Crimes Bureau

8

for the past 12 years.  He has been qualified as an expert witness in the field of computer

forensics in numerous state and federal criminal trials.

Corporal Erdely's forensic analysis of the computer equipment seized from

EYSTER's personal residence disclosed the following.  The Sandisk thumb drive contained 75

digital images, stored in two files named "Thanksgiving 2007" and "K&S."  Many of the images

depict prepubescent females exposing their genital areas, some times mimicking adult,

pornographic poses.  Some of the digital images depict the minor females fondling each other's

genital areas.  Some of the photographs depict close-ups of the genital area of a prepubescent

female being fondled by an adult hand.  One digital image depicts a minor female fondling the

genital area of a minor male.  One digital image depicts a minor female fondling the genital area

of an adult male.  One of the digital images includes a portion of EYSTER's face.

Erdely compared a photograph of KP, SP, LP, and RP, taken in September 2008,

with the digital images on the Sandisk thumb drive, and identified the children depicted in the

images are the same children depicted in the September 2008 photograph.

Erdely' s analysis revealed that 52 of the 75 images on the Sandisk thumb drive

contained Exchangeable Image Format ("EXIF") data.[3]  EXIF data is electronic information

pertaining to the digital image, that is imbedded in the storage medium at the time the image is

created.  Among other things, the EXIF data identifies the device used to create the image.  The

52 images on the Sandisk thumb drive containing EXIF data reflect that these images were

created by the Kodak model DC240 digital camera seized in EYSTER's residence.  Erdely

---

[3]  Erdely testified that EXIF data is lost if the digital image is modified after it is placed on the
storage medium.  The 23 images on the Sandisk thumb drive that do not have EXIF data appear
to Erdely to have been "cropped" from larger images.

9

determined that a 128 MG memory seized from EYSTER's residence was compatible for use with a Kodak model DC240 digital camera. The 128 MB memory card contained six of the 75 digital images contained on the Sandisk thumb drive. Information imprinted on the Kodak digital camera stated that it was manufactured in Japan, by the Eastman Kodak Company of Rochester, New York.

(iv) <u>Identification of the Minor Victims</u>

Detective Kelly Slone has identified KP, LP, SP and RP, and confirmed that they are the minors depicted in the 75 digital images seized from EYSTER's residence. The children have corroborated EYSTER's statements regarding his sexual contacts with them.

(v) <u>Interstate Nexus</u>

Company representatives of the manufacturers of the computer and photographic equipment seized from EYSTER's residence would testify that:

- the Kodak model DC240 digital camera was manufactured in Japan and imported into the United States; and

- the Sandisk thumb drive was manufactured in Southeast Asia and imported into the United States.

(vi) <u>EYSTER's Travel to Kentucky</u>

Business records, including hotel receipts, credit card transactions, EZ Pass records and other documents, confirm that EYSTER traveled to Kentucky and stayed at a local motel during the period November 17, through November 24, 2007. (Thanksgiving was celebrated on November 22, 2007.) Det. Slone has confirmed through visual observation that the room in which EYSTER stayed during this time period is the same room in which several of the

digital images on the Sundisk thumb drive of the minors engaging in sexually explicit activity were taken.

Business records, including hotel receipts, credit card transactions, and other documents confirm that EYSTER traveled to Kentucky and stayed at a local motel during the period April 5, through April 9, 2008. Det. Slone has confirmed through visual observation that the room in which EYSTER stayed during this time period is the same room in which several of the digital images on the Sundisk thumb drive of the minors engaging in sexually explicit activity were taken.

Business records, including hotel receipts, credit card transactions, EZ Pass records and other documents confirm that EYSTER made a round trip journey between Pennsylvania and Kentucky in June 2008, and a round trip journey between Pennsylvania and Kentucky in July 2008. S/A Martinez has confirmed through visual observation that several of the digital images on the Sundisk thumb drive of the minors engaged in sexually explicit activity were taken in the basement of EYSTER's residence at 4 Cameron Court.

B. Count Two - Possession of Child Pornography

In addition to the Sandisk thumb drive, agents seized an HP personal computer containing a Seagate hard drive from EYSTER's basement during the September 11th search. Cpl. Erdely conducted an analysis of the contents of the hard drive. The hard drive contains four video movie files and hundred of JPG digital image files. According to Cpl. Erdely, most of these images contain depictions of minor children engaged in sexually explicit conduct.

Agents also seized 38 compact discs, which Cpl. Erdely has analyzed. Nineteen of the CDs contained thousands of digital images of minor children engaged in sexually explicit

11

conduct.  One CD contained over 2,000 images of child pornography.

The contents of the hard drive and compact discs have been analyzed by the National Center for Missing and Exploited Children ("NCMEC").  According to NCMEC, three of the video movies and 301 of the digital images depict images of children who have been previously identified by other law enforcement agencies as victims of child exploitation.

Company representatives would testify that the Seagate hard drive and the CDs were manufactured in Asia and imported into the United States.

## VI. CONCLUSION

The Court should accept the defendant's guilty pleas to Counts One and Two of the Superseding Indictment.

Respectfully submitted,

LAURIE MAGID
United States Attorney

FRANK A. LABOR III
Assistant United States Attorney

## CERTIFICATE OF SERVICE

FRANK A. LABOR III, an Assistant United States Attorney, certifies that a copy of the United States' Motion For Pretrial Detention was served upon counsel for the defendant on March 13, 2009.

FRANK A. LABOR III
Assistant United States Attorney